IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAMMY NORDAHL,                       )
                                     )
            Plaintiff,               )
                                     )
     v.                              )    No. 09 C 7253
                                     )
LIFE INSURANCE COMPANY OF            )
NORTH AMERICA, a CIGNA group         )
company,                             )
                                     )
            Defendant.                )

## MEMORANDUM OPINION AND ORDER

In her First Amended Complaint, plaintiff Tammy Nordahl alleges that she was denied long-term and/or short-term disability benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Count I contains this ERISA claim. Count II is a claim for vexatious and unreasonable withholding of insurance benefits in violation of the Illinois Insurance Code, 215 ILCS 5/155. Count III is a claim for estoppel and is not specifically designated as being pursuant to state law or ERISA. Pursuant to Fed. R. Civ. P. 12(b)(1), defendant Life Insurance Company of North America ("LINA") moves to dismiss Count I on the ground

that it is moot in that LINA has already paid all the long-term disability payments that are due. Alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), LINA moves to dismiss Count I on the ground that plaintiff has not properly exhausted her administrative remedies. LINA moves to dismiss Counts II and III on the ground that any state claim is preempted by ERISA or because no cognizable ERISA claim is stated. Additionally, though plaintiff's counsel has been willing to file a response to the motion to dismiss, he moves to withdraw because plaintiff has discharged him or, alternatively, because she has not communicated and cooperated with him. Assuming her counsel is allowed to withdraw, plaintiff moves to proceed in forma pauperis and for appointment of counsel.

Plaintiff does not dispute that, subsequent to the filing of her First Amended Complaint, LINA paid her long-term disability benefits. However, she contends that she is still entitled to either long-term or short-term disability payments for certain periods of time not covered by the payments she received. Regardless of whether she will ultimately succeed on her remaining Count I contention, it is not a question of mootness. While Count I is now narrower than when originally filed, there is still a live controversy as to whether plaintiff is entitled to additional benefits. Defendant's contention that plaintiff is not entitled to further benefits goes to the merits of her claims. Defendant will not be permitted to summarily

resolve the merits of the case under the guise of a Rule 12(b)(1) motion. See Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc., 60 F.3d 350, 361 n.8 (7th Cir. 1995); Duffield v. Reshal Assoc., Inc., 1996 WL 66122 *3 (N.D. Ill. Feb. 14, 1996); Liberty Tel. Co. v. Burke, 1997 WL 177140 *5 (N.D. Ill. March 31, 1997); Matousek v. E. Maint. & Serv., Inc., 1995 WL 759546 *2-3 (N.D. Ill. Dec. 22, 1995). Count I will not be dismissed on the jurisdictional ground of mootness.

Defendant still contends Count I should be dismissed because plaintiff did not properly exhaust her administrative remedies. Plaintiff contends that she did pursue administrative remedies and, if she failed to bring an otherwise required appeal, it was due to misleading directions from defendant and, in any event, further proceedings would have been futile. See generally Gallegos v. Mount Sinai Med. Ctr., 210 F.3d 803, 808-09 (7th Cir. 2000). Defendant recognizes that exhaustion ordinarily is an affirmative defense that cannot be resolved on a motion to dismiss, see Carter v. Pension Plan of A. Finkl & Sons Co., 2009 WL 5066649 *5 (N.D. Ill. Dec. 17, 2009); Whitcher v. Meritain Health, Inc., 2009 WL 1748500 *4 (S.D. Ill. June 22, 2009), but contends documents attached to or referenced in the Complaints are sufficient to resolve this issue. The exhaustion issue before the court, however, requires factual development. Cf. Carter, supra; Whitcher, supra. Defendant's Rule 12(b)(6)

motion is an inappropriate vehicle for resolving the exhaustion issue. Count I will not be dismissed.

The Count II vexatious delay claim for statutory penalties under § 155 of the Illinois Insurance Code will be dismissed because it is preempted by ERISA. Radke's Inc. v. Guarantee Trust Life Ins. Co., 2010 WL 1687857 *3 (C.D. Ill. March 29, 2010), mag. j. report adopted, 2010 WL 1687834 *1 (C.D. Ill. April 26, 2010); Doe v. United Healthcare of the Midwest, Inc., 2010 WL 747037 *2 (S.D. Ill. March 1, 2010); Langworthy v. Honeywell Life & Accident Ins. Plan, 2009 WL 3464131 *3-4 (N.D. Ill. Oct. 22, 2009).

Count III is labeled as "Estoppel and Breach of Good Faith and Fair Dealing." The allegations specifically stated in this count, Am. Compl. ¶¶ 44-45,[1] allege that plaintiff paid her premiums and had an expectation that the terms of the policy would be honored. It is further stated that defendant "willfully breached its agreement with Plaintiff by arbitrarily and capriciously denying her claim for benefits after having collected the required premiums from Plaintiff." This count does not allege any injurious conduct distinct from the failure to pay benefits. ERISA provides for the recovery of unpaid benefits; it does not allow for related extracontractual or punitive damages. Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 377 (2002);

---

[1] This count also incorporates all the prior allegations of the Amended Complaint. Am. Compl. ¶ 43.

Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985). The allegations in Count III are superfluous to any recovery plaintiff may obtain. Perhaps plaintiff is contending that, even if she is not entitled to more benefits under the terms of the applicable plan, defendant is somehow estopped from denying further benefits. Under ERISA, estoppel overriding the written terms of a plan must be based on a written statement. Kenseth v. Dean Health Plan, Inc., 610 F.3d 452, 462 (7th Cir. 2010); Orth v. Wis. State Emp. Union Counsel 24, 546 F.3d 868, 873 (7th Cir. 2008). Plaintiff has not alleged any written statement in support of an estoppel claim, nor has she alleged or identified any other facts supporting that defendant should be estopped. Last, to the extent Count III is a state law claim, it is preempted. Kannapien v. Quaker Oats Co., 507 F.3d 629, 640 (7th Cir. 2007). Count III will be dismissed.

The claims of the Amended Complaint are being dismissed except to the extent plaintiff claims additional disability benefits that she has not yet been paid.

Plaintiff has stated that she desires to discharge her present attorney. The attorney's motion to withdraw will be granted.

Plaintiff has submitted a motion to proceed in forma pauperis that will be granted. She also requests the appointment of counsel which will be granted. Plaintiff must cooperate with her new counsel. Absent exceptional circumstances, another

attorney will not be appointed if plaintiff is dissatisfied with the appointed attorney. Following the appointment of new counsel, the attorney shall promptly meet with plaintiff and thereafter promptly meet with defendant in an attempt to resolve the remaining aspects of the case. If the parties cannot resolve their differences, new counsel should also promptly consider whether to further amend the complaint.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [16] is granted in part and denied in part. All claims are dismissed except the Count I claim for additional disability benefits. Plaintiff's counsel's motion to withdraw [9] is granted. Ryan Nalley is granted leave to withdraw from the case. Plaintiff's motions to proceed in forma pauperis and for appointment of counsel are granted. (A separate order will be entered appointing counsel.) A status hearing will be held on November 18, 2010 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 24, 2010